M. C. BLACK v. J. F. OLIVA.[1]

July 5, 1900.

Nos. 12,178—(179).

### Payment of Note by Partnership Money—Evidence—Consideration.

K. and the plaintiff were in business together, the latter being a silent partner. K. had on deposit in a bank a sum of money belonging to the copartnership. A few days before his death he turned over the entire deposit to plaintiff. *Held*, that the evidence produced at the trial hereof was sufficient to support defendant's contention that the money was turned over to plaintiff under an agreement between K. and the defendant and the plaintiff that the latter should pay the note in question, which was the obligation to a third person of K. and another party as makers, and defendant as a guarantor, and to sustain the verdict in defendant's favor; and *held*, further, that as this money was partnership funds, in which K. had an interest, there was sufficient consideration for the agreement.

Action in the district court for Goodhue county to recover $200 and interest on a promissory note, payment whereof was guarantied by defendant. The case was tried before Williston, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*P. S. Aslakson* and *S. J. Nelson*, for appellant.

*F. M. Wilson*, for respondent.

COLLINS, J.

The issue of fact at the trial of this case was whether the plaintiff had received money from Kowitz in his lifetime, under an agreement to pay the note in question, said note having been the obligation to a third person of Kowitz and another as makers, and the defendant as guarantor. Kowitz and the plaintiff were in business together, the latter being a silent partner, and all the business being transacted by Kowitz in his own name. All moneys were deposited in the bank in his name, and a few days before his death

1 Reported in 83 N. W. 386.

he had thus on deposit about $600. It was defendant's contention at the trial that, in his presence, Kowitz and the plaintiff agreed that this money should be turned over to the latter, and out of it he was to pay the note, and that, in accordance with the agreement, the deposit was turned over to plaintiff. The plaintiff testified at the trial that there was no such agreement, and that he did not receive the money under any such circumstances or conditions. If, in fact, there was an agreement of this sort, turning over all of the money to plaintiff, in which Kowitz had an interest as a partner, constituted a sufficient consideration for the promise to pay the note. The jury found with the defendant as to this promise, and the evidence was sufficient to support the verdict.

The assignments of error in respect to the admission of evidence are not well taken. Had the questions been answered, such answers would in no manner have had any bearing upon the issue in the case, as above stated. For this reason the court was right when it sustained the objections.

Order affirmed.